IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES H. MCCLENTON | § | |
| | § | |
| v. | § | C.A. NO. C-11-157 |
| | § | |
| TDCJ OFFICIALS, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

This is a civil rights action filed by a state inmate pursuant to 42 U.S.C. § 1983, who is currently incarcerated at the McConnell Unit in Beeville, Texas. For the reasons stated herein, it is respectfully recommended that the Court dismiss plaintiff's action for failure to prosecute his claims.

## I. BACKGROUND

Plaintiff's complaint was docketed on April 25, 2011. (D.E. 1). On May 10, 2011, a notice of deficient pleading was sent to plaintiff. (D.E. 4). The notice informed him that he must either pay the $350 filing fee, or submit a motion to proceed *in forma pauperis* with a copy of his inmate trust fund account statement. Id. It further informed him that he had twenty days to cure the deficiency. Id. Finally, he was notified that his action could be dismissed for failing to comply with the notice. Id.

Moreover, on May 10, 2011, an order was issued requiring plaintiff to refile his complaint on a standard form for inmate civil rights actions. (D.E. 5). The order required that his complaint be filed within twenty days. Id.

On June 2, 2011, an order to show cause as to why plaintiff's action should not be dismissed was issued. (D.E. 7). He was ordered to file a response within twenty days. Id. at 1. Records reveal that plaintiff received the show cause order. (D.E. 8).

## II. DISCUSSION

An action may be dismissed if the plaintiff fails to prosecute it, or to comply with any court order. Fed. R. Civ. P. 41(b); see also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to sua sponte dismiss a cause of action for failure to prosecute). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'" Martinez, 104 F.3d at 772 (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Plaintiff has failed to comply with this Court's orders. He has neither paid the $350 filing fee, nor filed a motion to proceed in forma pauperis. Moreover, he did not respond to the order to show cause. Finally, he did not refile his complaint

on a standard form for inmate civil rights actions.  Accordingly, it is respectfully recommended that the Court dismiss his action for failure to prosecute his claim.

### III.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court dismiss plaintiff's civil rights action for failure to prosecute.

Respectfully submitted this 23rd day of June 2011.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).